IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| BRIAN HERZIG and<br>NEAL MARTIN<br><br>Plaintiffs,<br><br>v.<br><br>ARKANSAS FOUNDATION<br>FOR MEDICAL CARE, INC.<br><br>Defendant. | Civil Action No.: 18-2101 |

## COMPLAINT

COMES NOW the Plaintiffs', Brian Herzig and Neal Martin, by and through their attorneys, Gilker and Jones, P.A., and for their complaint states as follows:

1. Plaintiff Brian Herzig is a resident of Crawford County, Arkansas.

2. Plaintiff Neal Martin is a resident of Sebastian County, Arkansas.

3. Defendant Arkansas Foundation for Medical Care, Inc. ("AFMC") is an Arkansas corporation having a place of business at 5111 Rogers Avenue Suite 476 Fort Smith, Arkansas 72903 where the Plaintiffs were assigned.

4. Jurisdiction over the causes of action stated herein is vested in this Court by 42 U.S.C. § 2000e-5.  Venue is proper: Plaintiffs were employed in Sebastian County, Arkansas, and AFMC has a place of business in Sebastian County, Arkansas.

## Facts

5. Plaintiff Brian Herzig ("Herzig"), was a full-time employee of AFMC between July 5, 2005, and April 4, 2017.  Plaintiff Herzig was employed as Director, Information Technology at AFMC in Fort Smith, Arkansas on the date of his termination.

6. Plaintiff Neal Martin ("Martin"), was a full-time employee between July 26, 2010 and April 4, 2017. Martin was employed as Assistant Director, Information Technology at AFMC in Fort Smith, Arkansas on the date of his termination.

7. On April 4, 2017 Chief Technology Officer, Nathan Ray, terminated the Plaintiffs by separate letters citing the identical reason for termination "violation of AFMC policies by among other things, providing false and misleading information, gross negligence in the performance of your duties, engaging in conduct detriment to AFMC." Nathan Ray was under 30 years of age.

8. Plaintiffs state that reasons cited for their respective terminations are false and represent a pretext to hide the real reason for their respective terminations which was their protected status based on their age.

9. Nathan Ray told both Plaintiffs that their termination was the result of a Security Breach for which he held them responsible. Plaintiffs' deny a Security Breach occurred as a result of their work.

10. Plaintiffs contend that a Security Breach would not have occurred if younger employees in AFMC's Business Intelligence Group, under the overall supervision of Nathan Ray, had properly assigned security permissions for users. This represented a serious failure but these younger employees in the Business Intelligence group were not terminated or disciplined.

11. Prior to the discharge of the Plaintiffs Nathan Ray during a conversation told Brian Herzig that AFMC was looking to hire college graduates at the Fort Smith office.

12. Plaintiffs' Brian Herzig and Neal Martin filed charges of discrimination with Equal Employment Opportunity Commission alleging they were terminated due to their age at the time of their discharge 44 and 41 respectively. Plaintiffs' received right to sue letters on or about March 19, 2018 which are attached and incorporated in this complaint as ("Exhibit 1").

### Count I: Violation of the Age Discrimination in Employment Act

13. Plaintiffs Brian Herzig and Neal Martin were employees of AFMC within the meaning of the Age Discrimination in Employment Act (29 U.S.C.A. § 621, *et seq.*), and protected against discrimination in employment on the basis of their respective ages, 44 and 41.

14. Defendant was an employer within the meaning of the Age Discrimination in Employment Act (29 U.S.C.A. § 621, *et seq.*), and as such was prohibited from making adverse employment decisions on the basis of Plaintiffs' age.

15. Defendant and its employees and agents engaged in a discriminatory course of conduct which involved singling out the Plaintiffs for termination while protecting younger employees who by their actions created the alleged security breach.

16. On April 4, 2014 the Plaintiffs were terminated by Defendant in violation of the Age Discrimination in Employment Act.

17. The Plaintiffs filed timely charges of age discrimination with the Equal Employment Opportunity Commission and received a notice of right to sue on or about March 19, 2018, permitting Plaintiffs to bring this action.  Plaintiffs have exhausted all available and required administrative remedies prior to filing this action.

18. As a proximate result of Defendant's acts of age discrimination, Plaintiffs have suffered and continue to suffer substantial losses, including past and future earnings, bonuses, deferred compensation, other employment benefits, plus expenses and attorneys' fees incurred in attempting to obtain the benefits due them under the above stated employment with Defendant.

19. As a result of Defendant's willfully discriminatory acts as alleged herein, Plaintiffs are entitled to liquidated damages, pursuant to 29 U.S.C.A. § 626(b).

## Jury Demand

20. Plaintiff respectfully demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiffs prays the Court for judgment against Defendant Arkansas Foundation for Medical Care, Inc. for back pay, compensatory damages, bonuses, deferred compensation, and other benefits to which they are entitled, punitive damages, costs, and attorneys fees; and any and all other relief to which Plaintiff may be entitled. under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C.A. § 621, *et seq.*

WHEREFORE, Plaintiffs request that:

A. Plaintiffs be reinstated to Plaintiff's former position, or one comparable; that Plaintiff be made whole, with back pay and afforded all benefits that would have been afforded Plaintiff but for said discrimination; and

B. A permanent injunction be issued enjoining Defendant, and their agents, employees, officers, and successors in interest, and those acting in concert with them, from engaging in the illegal and unlawful customs, policies, and practices described herein;

C. That liability be imposed upon the Defendant, including liquidated damages as a result of the discriminatory acts of Defendant herein alleged;

D. That Plaintiffs be compensated for their damages in an amount exceeding the minimum amount necessary for federal jurisdiction in diversity cases;

E. And such other and further relief to which Plaintiffs are entitled, including the costs of suit, including reasonable attorneys' fees and any other relief available under the law.

Respectfully Submitted,

BRIAN HERZIG

NEAL MARTIN

By: _____
Michael R. Jones
GILKER AND JONES, P.A.
9222 North Highway 71
Mountainburg, Arkansas 72946
Telephone: (479) 369-4294
Facsimile: (479) 369-2032
Email: mrjoneslaw@aol.com