IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**BRIAN HERZIG;** and **NEAL MARTIN**                                                                 **PLAINTIFFS**

V.                                  CASE NO. 2:18-CV-2101 (PKH)

**ARKANSAS FOUNDATION FOR**                                                                          **DEFENDANT**
**MEDICAL CARE, INC.**

## AFMC'S MOTION TO COMPEL DISCOVERY

Defendant Arkansas Foundation for Medical Care, Inc. (AFMC), by its attorneys, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., hereby moves this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7.2(g), for an Order compelling Plaintiffs Brian Herzig and Neal Martin to: (a) supplement their Responses to AFMC's Requests for Production of Documents with appropriate labels; (b) produce documents responsive to Request Nos. 16, 17, and 20; (c) make their mobile phones available for limited copying and inspection; (d) supplement their Responses to Interrogatory Nos. 9, 12, and 19; and (e) pay AFMC's reasonable costs and attorneys' fees incurred as a result of its filing of this Motion as required under Rule 37 of the Federal Rules of Civil Procedure. AFMC states the following in support of its Motion.

1. After Plaintiffs filed their Complaint against AFMC for alleged age discrimination under the Age Discrimination in Employment Act (ADEA) on June 8, 2018, AFMC served each Plaintiff with its First Set of Requests for Production of Documents and its First Set of Interrogatories on July 18, 2018.

2. Among other things, AFMC requested information and documents related: to Plaintiffs' non-privileged communications regarding this litigation with current and former AFMC employees and others; executed authorizations for the release of employment records; financial accounts; tax documents; mobile phone records; damages calculations; and information related to

1

239061

some of Plaintiffs' allegations as to individuals who they allege were similarly situated to them, but who were treated more favorably. **Exhibit 1**, Plaintiffs' Responses to AFMC's First Set of Interrogatories and Production of Documents (1-A, Herzig Request for Production Responses; 1-B, Herzig Interrogatory Responses; 1-C, Martin Request for Production Responses; and 1-D, Martin Interrogatory Responses).

3.  From August 22, 2018 through November 15, 2018, AFMC made a series of repeated good-faith attempts to secure Plaintiffs' compliance with their discovery obligations, to no avail. The following chart summarizes AFMC's good faith attempts to resolve this matter without the Court's intervention:

| **Exhibit** | **Date** | **Summary of Request** |
| --- | --- | --- |
| Exhibit 2 | August 22, 2018 | **Herzig:** Produce all documents to which no objection was stated pursuant to Requests 1, 2, 3, 4, 11, 12, 14, 16, 20 (parts (a) and (b)), 41, and 44; Reconsider objections to Request Nos. 17, 20(c), and 25 and supplement production; and Provide adequate responses to Interrogatories 9, 12, and 19.<br><br>**Martin:** Produce all documents to which no objection was stated pursuant to Requests 1, 2, 11, 12, 13, 14, 16, 24, 27, 28, 37, 44, 45, 47, 48, and 49; Reconsider objections to Request Nos. 17, 19, 20, and 25 and supplement production; and Provide adequate responses to Interrogatories 9, 12, and 19. |
| Exhibit 3 | September 3, 2018 | AFMC's counsel followed-up and requested supplementation on or before September 7, 2018 |
| Exhibit 4 | September 4, 2018 | Plaintiffs' sent a link to a DropBox folder containing Plaintiffs' initial production, however, Plaintiffs' counsel did not respond to or otherwise address any of the items noted in AFMC's initial good faith correspondence from August 22, 2018. |
| Exhibit 5 | September 5, 2018 | After a review of Plaintiffs' initial production, AFMC's counsel followed-up with Plaintiffs' counsel once again to request a response to AFMC's initial good faith correspondence dated August 22, 2018, and to additionally discuss the fact that several text messages in Plaintiffs' production appeared to have been intentionally omitted. |
| Exhibit 6 | September 10, 2018 | AFMC's counsel followed up with Plaintiffs' counsel in which AFMC requested a response to its initial August 22, 2018 |

| | | |
|---|---|---|
| | | correspondence, as well as supplementation based on its September 5 request. |
| Exhibit 7 | September 10, 2018 | Plaintiffs' counsel advised that he was involved in a three-day jury trial, and that he would discuss AFMC's repeated good faith attempts to resolve this discovery dispute on September 13, 2018. |
| Exhibit 8 | September 13, 2018 | AFMC's counsel contacted Plaintiffs' counsel to ask for an update as to the status of AFMC's requests dated August 22, September 3, September 5, and September 10, 2018. |
| Exhibit 9 | September 17, 2018 | AFMC's counsel again contacted Plaintiffs' counsel requesting an update as to AFMC's outstanding requests. |
| Exhibit 10 | September 18, 2018 | Plaintiffs' counsel responded and advised that (a) full screen shots of various text messages would be supplied; (b) that Plaintiffs continued to object to producing their mobile devices for inspection; and (c) that Plaintiffs did not intend to execute AFMC's requested employment records release authorization. |
| Exhibit 11 | September 25 – October 3, 2018 | After Plaintiffs failed to supplement their discovery responses to, at minimum, produce the agreed-upon text message screen shots within a reasonable time (*e.g.*, one week), AFMC's counsel contacted Plaintiffs' counsel on September 25, 2018, to request—yet again—the opportunity to discuss their respective positions in an attempt to break this discovery impasse. Between September 25 and October 3, 2018, the parties' counsel continued their efforts to schedule a conference call, which finally occurred at 2:00 p.m. on October 3, 2018 |
| Exhibit 12 | October 3, 2018 | During their call, AFMC's counsel again requested that Plaintiffs: (a) reconsider their objections to the Requests and Interrogatories identified in AFMC's prior good faith letters; (b) supplement their production to include the omitted text messages; (c) execute the employment records release authorization; and (d) produce their mobile devices for inspection and copying. Plaintiffs' counsel advised that the omitted text messages would be produced on or before October 5, 2018, but that Plaintiffs otherwise stood by their prior objections or otherwise did not intend to supplement their responses. |
| Exhibit 13 | October 5, 2018 | Plaintiffs' counsel responded and advised that all requested text messages[1] were produced via DropBox, that Plaintiffs refused to allow inspection of their mobile phones, and that Plaintiffs would stand on their objections to providing |

---

[1] Importantly, Plaintiffs' initial production on September 4, 2018, collectively included **51** pages of text message screenshots. On October 5, 2018, Plaintiffs collectively produced approximately **553** pages of additional text message screenshots.

3

239061

|            |                    | executed authorizations for the release of their employment records. |
|------------|--------------------|----------------------------------------------------------------------|
| Exhibit 14 | October 18, 2018   | After reviewing approximately 553 pages of additional text message screenshots, on October 18, 2018, undersigned counsel again contacted Plaintiffs' counsel to request supplementation of text messages that were apparently omitted, along with emails and other documents shared among the Plaintiffs. |
| Exhibit 15 | October 25, 2018   | AFMC's counsel followed-up with Plaintiffs' counsel regarding AFMC's October 18, 2018 correspondence. |
| Exhibit 16 | November 1, 2018   | Plaintiffs' counsel finally responded to AFMC's October 18 correspondence and produced some, but not all, of the omitted text messages. |
| Exhibit 17 | November 15, 2018  | AFMC requested Plaintiffs' compliance with Rule 34(b)(2)(E)(i) on November 15, 2018, but Plaintiffs again failed to respond by the requested deadline |

AFMC submits that these good faith efforts satisfy Rule 37, Local Rule 7.2, and the Final Scheduling Order's good faith conferral requirements. Given the multitude of issues involved, no conference call with the Court has been requested. *See ECF No. 11*, at ¶ 2.

4.  Despite its ongoing and repeated good faith efforts, AFMC has been unable to obtain full and complete discovery responses from Plaintiffs. As a result of Plaintiffs' delinquency in meeting their discovery obligations, AFMC has been unable to conduct even a cursory investigation of Plaintiffs' claims. Without basic information relevant to Plaintiffs' claims, alleged damages (and any alleged efforts to mitigate their damages), and non-privileged communications regarding their lawsuit, AFMC has been significantly limited in its ability to schedule and prepare for taking Plaintiffs' depositions,[2] and thus, it has been prejudiced in its ability to prepare its defenses. For these reasons, expedited consideration of AFMC's Motion is requested.

---

[2] AFMC requested deposition dates from Plaintiffs' counsel on five separate occasions: September 3, September 13, October 3, October 18, and October 25, 2018. Plaintiffs' counsel did not respond to these requests. Accordingly, on November 19, 2018, AFMC's counsel noticed Plaintiffs for their depositions, which are currently scheduled for December 11 and 13, 2018.

5. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." FED R CIV. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* The Supreme Court requires that federal courts apply the rules of discovery with "a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947).

6. Rule 37 of the Federal Rules of Civil Procedure permits a party to move to compel production of any materials that are relevant and discoverable. *See* FED. R. CIV. P. 37. Specifically, Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling answers or production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *Id.* In response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4).

7. In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). Discovery responses that, without substantial justification, do not abide by the rules of discovery are met with sanctions. FED. R. CIV. P. 26(g)(3) and 37.

8. As discussed in AFMC's contemporaneously-filed Brief in Support, AFMC respectfully requests that the Court enter an Order compelling Plaintiffs to:

239061

      a.    Supplement their Responses to AFMC's Requests for Production of Documents with appropriate labels in a manner compliant with Rule 34(b)(2)(E)(i). Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure provides in mandatory terms that parties producing documents "**must** organize and label them to correspond to the categories in the request."

      b.    Produce executed employment records authorizations pursuant to Request No. 16 because Plaintiffs waived their objections to same and it is otherwise relevant to the defense of this lawsuit. By failing to assert any objection, Plaintiffs waived any potential objection to Request No. 16. *Cornerstone Wrecker Sales, Inc. v. Bower Servs., Inc.*, 2010 WL 3862546, at *2 (E.D. Ark. Sept. 27, 2010). These records are relevant and needed in the defense of this lawsuit.

      c.    Produce information related to their financial accounts and tax filings under Request Nos. 17 and 20. These requests go to the issue of mitigation of damages, will identify sources of other income, and will allow AFMC to determine whether Plaintiffs' alleged damages have any factual support. Accordingly, the information requested is part-and-parcel to AFMC's ability to defend itself against Plaintiffs' claims. While Plaintiffs have not requested the entry of a protective order, AFMC would nevertheless agree to the entry of a protective order to address Plaintiffs' privacy-related concerns. A proposed protective order is attached for the Court's review as **Exhibit 18**.

      d.    Produce their mobile phones and itemized billing statements to AFMC's counsel for the discreet purpose of reviewing relevant and discoverable text messages exchanged between Plaintiffs and current or former AFMC employees during the relevant time period.

      e.    Supplement their Responses to Interrogatory Nos. 9, 12, and 19 because they failed to materially provide information requested in those requests.

239061

      f.    Pay AFMC's reasonable attorneys' fees incurred in connection with the filing of this Motion, as required under Rule 37 of the Federal Rules of Civil Procedure.

9.    This Motion is further supported by the following referenced exhibits:

| | |
|---|---|
| **EXHIBIT 1** | **Plaintiffs' Responses to AFMC's First Set of Interrogatories and Production of Documents** |
| | *Exhibit 1-A*    **Herzig Request for Production Responses;** |
| | *Exhibit 1-B*    **Herzig Interrogatory Responses;** |
| | *Exhibit 1-C*    **Martin Request for Production Responses; and** |
| | *Exhibit 1-D*    **Martin Interrogatory Responses** |
| **EXHIBIT 2** | **Good Faith Correspondence to M. Jones Dated August 22, 2018** |
| **EXHIBIT 3** | **Good Faith Correspondence to M. Jones Dated September 3, 2018** |
| **EXHIBIT 4** | **M. Jones Correspondence Dated September 4, 2018** |
| **EXHIBIT 5** | **Good Faith Correspondence Dated September 5, 2018** |
| **EXHIBIT 6** | **Good Faith Correspondence Dated September 10, 2018** |
| **EXHIBIT 7** | **M. Jones Email Dated September 10, 2018** |
| **EXHIBIT 8** | **Good Faith Correspondence Dated September 13, 2018** |
| **EXHIBIT 9** | **Good Faith Correspondence Dated September 17, 2018** |
| **EXHIBIT 10** | **M. Jones Email Dated September 18, 2018** |
| **EXHIBIT 11** | **Correspondence Between M. Jones and A. Mehdizadegan Dated September 25 – October 3, 2018** |
| **EXHIBIT 12** | **Correspondence to M. Jones Dated October 3, 2018** |
| **EXHIBIT 13** | **Correspondence from M. Jones Dated October 5, 2018** |
| **EXHIBIT 14** | **Correspondence to M. Jones Dated October 18, 2018** |

239061

| | |
|---|---|
| **EXHIBIT 15** | **Correspondence to M. Jones Dated October 25, 2018** |
| **EXHIBIT 16** | **Correspondence from M. Jones Dated November 1, 2018.** |
| **EXHIBIT 17** | **Correspondence Dated November 15, 2018** |
| **EXHIBIT 18** | **Proposed Protective Order** |
| **EXHIBIT 19** | **Plaintiffs' Initial Disclosures** |

WHEREFORE, for the reasons set forth in this Motion and as further detailed in its accompanying Brief in Support, Defendant Arkansas Foundation for Medical Care, Inc. respectfully requests that the Court grant its Motion in its entirety and order Plaintiffs to supplement their discovery responses in a manner compliant with Rule 34(b)(2)(E)(i); produce executed employment records authorizations pursuant to Request No. 16; produce financial and tax information pursuant to Requests No. 17 and 20; supplement their Responses to Interrogatory Nos. 9, 12, and 19; pay AFMC's reasonable attorneys' fees and costs sustained in the course of filing this Motion; and to award all other just and proper relief to which it is entitled.

    Respectfully submitted,

*/s/ Abtin Mehdizadegan*
Amber Wilson Bagley, Ark. Bar No. 2004131
Abtin Mehdizadegan, Ark. Bar No. 2013136
**CROSS. GUNTER, WITHERSPOON**
   **& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 371-9999 | Fax: (501) 371-0035
abagley@cgwg.com | abtin@cgwg.com
**COUNSEL FOR DEFENDANT**

239061

## **CERTIFICATE OF SERVICE**

      I, Abtin Mehdizadegan of Cross, Gunter, Witherspoon & Galchus, P.C., hereby certify that the foregoing was served upon all parties of record via the Court's CM/ECF system on this 20th day of November, 2018, to wit:

Michael R. Jones
GILKER AND JONES, P.A.
9222 North Highway 71
Mountainburg, AR 72946
mrjoneslaw@aol.com

                                            */s/ Abtin Mehdizadegan*
                                            Abtin Mehdizadegan

239061