IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

**BRIAN HERZIG;** and                                                                                           **PLAINTIFFS**
**NEAL MARTIN**

V.                                   **CASE NO. 2:18-CV-2101 (PKH)**

**ARKANSAS FOUNDATION FOR                                                                  DEFENDANT**
**MEDICAL CARE, INC.**

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Defendant Arkansas Foundation for Medical Care, Inc. (AFMC), by its attorneys, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., hereby moves this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7.2(g), for an Order compelling Plaintiffs Brian Herzig and Neal Martin to produce information and certain documents in response to AFMC's First Set of Requests for Production of Documents and First Set of Interrogatories. AFMC states the following in support of its Motion.

### I.     INTRODUCTION AND FACTUAL BACKGROUND

Despite Plaintiffs Brian Herzig and Neal Martin's initiation of this action and their allegations against AFMC, Plaintiffs refuse to fully and reasonably respond to AFMC's discovery requests. This withholding of pertinent and discoverable information is not only in violation of the Court's discovery rules, it is also antithetical to a swift resolution of this matter. The purpose of this Motion is to seek the Court's assistance in obtaining information about Plaintiffs' allegations.

After Plaintiffs filed their Complaint against AFMC for alleged age discrimination under the Age Discrimination in Employment Act (ADEA) on June 8, 2018, AFMC served each Plaintiff with its First Set of Requests for Production of Documents and its First Set of Interrogatories First Set on July 18, 2018. Among other things, AFMC requested information and documents related: to Plaintiffs' non-privileged communications regarding this litigation with current and former

AFMC employees and others; executed authorizations for the release of employment records; financial accounts; tax documents; mobile phone records; damages calculations; and information related to some of Plaintiffs' allegations as to individuals who they allege were similarly situated to them, but who were treated more favorably. **Exhibit 1**, Plaintiffs' Responses to AFMC's First Set of Production of Documents and First Set of Interrogatories (1-A, Herzig Request for Production Responses; 1-B, Herzig Interrogatory Responses; 1-C, Martin Request for Production Responses; and 1-D, Martin Interrogatory Responses).

AFMC has tirelessly attempted, in good faith, to obtain Plaintiffs' compliance with their discovery obligations, but Plaintiffs nevertheless persist in their refusal to provide full and complete discovery to AFMC. Accordingly, to expedite this litigation and for the reasons that follow, AFMC requests that the Court—pursuant to Rule 37 of the Federal Rules of Civil Procedure—enter an Order compelling Plaintiffs to supplement their Responses to AFMC's Requests for Production of Documents with appropriate labels; to specifically produce documents responsive to Request Nos. 16, 17, and 20; to make their mobile phones available for limited copying and inspection; and to supplement their Responses to Interrogatory Nos. 9, 12, and 19. AFMC further requests that the Court order Plaintiffs to pay AFMC's reasonable costs and attorneys' fees incurred as a result of filing this Motion as required under Rule 37.

II. **SUMMARY OF GOOD-FAITH EFFORTS AT INFORMAL RESOLUTION**

From August 22, 2018 through November 15, 2018, AFMC made a series of repeated good faith attempts to secure Plaintiffs' compliance with their discovery obligations, to no avail. Specifically, after Plaintiffs produced their responses to AFMC's discovery requests (though no documents were actually produced at that time), AFMC contacted Plaintiffs' counsel on August 22, 2018, requesting as follows:

238518

| **Herzig** | **Martin** |
|---|---|
| Produce all documents to which no objection was stated pursuant to Requests 1, 2, 3, 4, 11, 12, 14, 16, 20 (parts (a) and (b)), 41, and 44 | Produce all documents to which no objection was stated pursuant to Requests 1, 2, 11, 12, 13, 14, 16, 24, 27, 28, 37, 44, 45, 47, 48, and 49 |
| Reconsider objections to Request Nos. 17, 20(c), and 25 and supplement production | Reconsider objections to Request Nos. 17, 19, 20, and 25 and supplement production |
| Provide adequate responses to Interrogatories 9, 12, and 19 | Provide adequate responses to Interrogatories 9, 12, and 19 |

**Exhibit 2**, Good Faith Correspondence to M. Jones Dated August 22, 2018 (stating AFMC's preference to avoid the necessity of filing this Motion). Plaintiffs' counsel did not initially respond to this good faith request, and on September 3, 2018, AFMC's counsel followed-up on its initial good faith letter to request supplementation on or before September 7, 2018. **Exhibit 3**, Good Faith Correspondence to M. Jones Dated September 3, 2018. On September 4, Plaintiffs' counsel sent AFMC's counsel a link to a DropBox folder containing Plaintiffs' initial production, however, Plaintiffs' counsel did not respond to or otherwise address any of the items noted in its initial good faith correspondence from August 22, 2018. **Exhibit 4**, M. Jones Correspondence Dated September 4, 2018.

On September 5, 2018, and after a review of Plaintiffs' incomplete and selective production, AFMC's counsel followed-up with Plaintiffs' counsel once again to request a response to AFMC's initial good faith correspondence dated August 22, 2018, and to additionally discuss the fact that several text messages in Plaintiffs' production appeared to have been intentionally omitted. Thus, AFMC's counsel requested a date on which to review, inspect, and make digital copies of Plaintiffs' mobile devices. **Exhibit 5**, Good Faith Correspondence Dated September 5, 2018. Plaintiffs' counsel did not immediately respond to this request.

Accordingly, on September 10, 2018, AFMC's counsel sent another email to Plaintiffs' counsel in which AFMC requested a response to its initial August 22, 2018 correspondence, as

3

238518

well as supplementation based on its September 5 request, so as to avoid the necessity of filing this Motion. AFMC's counsel also requested an opportunity to discuss these matters over a conference call. **Exhibit 6**, Good Faith Correspondence Dated September 10, 2018. In response to this request, Plaintiffs' counsel advised that he was involved in a three-day jury trial, and that he would discuss AFMC's repeated good faith attempts to resolve this discovery dispute on September 13, 2018. **Exhibit 7**, M. Jones Email Dated September 10, 2018.

On September 13, 2018, undersigned counsel contacted Plaintiffs' counsel to request an update as to the status of AFMC's requests dated August 22, September 3, September 5, and September 10, 2018. **Exhibit 8**, Good Faith Correspondence Dated September 13, 2018. Plaintiffs' counsel, following the same pattern identified above, did not immediately respond. Again, on September 17, 2018, AFMC's counsel—having exhausted its good faith efforts—sent Plaintiffs' counsel a final good faith request to attempt to resolve this discovery dispute without the need to seek the Court's assistance. **Exhibit 9**, Good Faith Correspondence Dated September 17, 2018. On September 18, 2018, Plaintiffs' counsel finally responded and advised that (a) full screen shots of various text messages would be supplied; (b) that Plaintiffs continued to object to producing their mobile devices for inspection; and (c) that Plaintiffs did not intend to execute AFMC's requested employment records release authorization forms. **Exhibit 10**, M. Jones Email Dated September 18, 2018.

After Plaintiffs failed to supplement their discovery responses to, at minimum, produce the agreed-upon text message screen shots within a reasonable time (*e.g.*, one week), AFMC's counsel contacted Plaintiffs' counsel on September 25, 2018, to request—yet again—the opportunity to discuss their respective positions in an attempt to break this discovery impasse. Between September 25 and October 3, 2018, the parties' counsel continued their efforts to schedule a

238518

conference call, which finally occurred at 2:00 p.m. on October 3, 2018. **Exhibit 11**, Correspondence Between M. Jones and A. Mehdizadegan Dated September 25 – October 3, 2018. During their call, AFMC's counsel again requested that Plaintiffs: (a) reconsider their objections to the Requests and Interrogatories identified in AFMC's prior good faith letters; (b) supplement their production to include the omitted text messages; (c) execute the employment records release authorization; and (d) produce their mobile devices for inspection and copying. Plaintiffs' counsel advised that the omitted text messages would be produced on or before October 5, 2018, but that Plaintiffs otherwise stood by their prior objections or otherwise did not intend to supplement their responses. **Exhibit 12**, Correspondence to M. Jones Dated October 3, 2018.

On October 5, 2018, Plaintiffs' counsel responded and advised that all requested text messages[1] were produced via DropBox, that Plaintiffs refused to allow inspection of their mobile phones, and that Plaintiffs would stand on their objections to providing executed authorizations for the release of their employment records. **Exhibit 13**, Correspondence from M. Jones Dated October 5, 2018. After reviewing approximately 553 pages of additional text message screenshots, on October 18, 2018, undersigned counsel again contacted Plaintiffs' counsel to request supplementation of text messages that were apparently omitted, along with emails and other documents shared among the Plaintiffs that were referenced in the text message screenshots that were produced up to that point. **Exhibit 14**, Correspondence to M. Jones Dated October 18, 2018. Plaintiffs' counsel again did not respond to this good-faith correspondence, which prompted undersigned counsel to again follow-up with Plaintiffs' counsel on October 25, 2018. **Exhibit 15**, Correspondence to M. Jones Dated October 25, 2018. About two weeks after AFMC's additional

---

[1] Importantly, Plaintiffs' initial production on September 4, 2018, collectively included **51** pages of text message screenshots. On October 5, 2018, Plaintiffs collectively produced approximately **553** pages of additional text message screenshots.

238518

request for supplementation, Plaintiffs' counsel finally responded on November 1, 2018 and, though some additional text message screen shots were produced, Plaintiffs' counsel refused to produce other documents referenced therein and requested in AFMC's initial Requests. **Exhibit 16**, Correspondence from M. Jones Dated November 1, 2018.

Despite its ongoing and repeated good faith efforts, AFMC has been unable to obtain full and complete discovery responses from Plaintiffs. As a result of Plaintiffs' delinquency in meeting their discovery obligations, AFMC has been unable to conduct even a cursory investigation of Plaintiffs' claims. Without basic information relevant to Plaintiffs' claims, alleged damages (and any alleged efforts to mitigate their damages), and non-privileged communications regarding their lawsuit, AFMC has been significantly limited in its ability to schedule and prepare for taking Plaintiffs' depositions,[2] and thus, it has been prejudiced in its ability to prepare its defenses. These dilatory discovery tactics will almost certainly force AFMC to seek an extension of the discovery deadline (presently set for January 15, 2019), or to otherwise seek leave to re-depose Plaintiffs after they produce all information and documents responsive to AFMC's requests. *ECF No. 11*.

### III. LAW AND ARGUMENT

The rules governing discovery in federal court are designed to accomplish full disclosure of the facts, eliminate surprise, and promote settlement. *Owens v. Linn Companies*, 2017 WL 2304260, at *14 (D. Minn. Apr. 17, 2017), *report and rec. adopted,* 2017 WL 2304210 (D. Minn. May 25, 2017), *aff'd,* 720 F. App'x 816 (8th Cir. 2018). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

---

[2] AFMC requested deposition dates from Plaintiffs' counsel on five separate occasions: September 3, September 13, October 3, October 18, and October 25, 2018. Plaintiffs' counsel did not respond to these requests. Accordingly, on November 19, 2018, AFMC's counsel noticed Plaintiffs for their depositions, which are currently scheduled for December 11 and 13, 2018.

. . ." FED R CIV. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* The Supreme Court requires that federal courts apply the rules of discovery with "a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947). The inquiry for determining whether the information falls within the broad scope of discovery turns on whether the requested information is "relevant," which includes any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018)

Rule 37 permits a party to move to compel production of any materials that are relevant and discoverable. *See* FED. R. CIV. P. 37. Specifically, Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling answers or production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. *Id.* In response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). Discovery responses that, without substantial justification, do not abide by the rules of discovery are met with sanctions. FED. R. CIV. P. 26(g)(3) and 37.

238518

As discussed below, the Court should require Plaintiffs to (A) supplement their Responses to AFMC's Requests for Production of Documents with appropriate labels in a manner compliant with Rule 34(b)(2)(E)(i); (B) produce executed employment records authorizations pursuant to Request No. 16 because Plaintiffs waived their objections to same and it is otherwise relevant to the defense of this lawsuit; (C) produce information related to their financial accounts and tax filings under Request Nos. 17 and 20; (D) produce their mobile phones and itemized billing statements to AFMC's counsel for the discreet purpose of reviewing relevant and discoverable text messages exchanged between Plaintiffs and current or former AFMC employees during the relevant time period; and (E) supplement their Responses to Interrogatory Nos. 9, 12, and 19 because they failed to materially provide information requested in those requests.

A.  **Plaintiffs Should be Required to Label or Organize their Production to Correspond to the Categories in AFMC's Requests.**

As an initial matter, this Court should compel Plaintiffs to supplement their discovery responses to provide AFMC with information about the organization of their production. Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure provides in mandatory terms that parties producing documents "**must** organize and label them to correspond to the categories in the request." Plaintiffs have failed to accurately organize and label their produced documents to correspond with the categories set forth in AFMC's Requests for Production of Documents, despite AFMC's multiple requests. Specifically, on August 22, 2018, AFMC requested that Plaintiffs appropriately identify their responses with Bates stamps,[3] but Plaintiffs have failed to address this request despite AFMC's numerous good faith follow-up attempts. Most recently, AFMC requested Plaintiffs' compliance with Rule 34(b)(2)(E)(i) on November 15, 2018,

---

[3] Plaintiffs' production is Bates-stamped, but their Responses do not identify which documents are responsive to each Request.

238518

but Plaintiffs again failed to respond by the requested deadline. **Exhibit 17**, Correspondence Dated November 15, 2018.

Plaintiffs' failure to follow the procedure required by Rule 34(b)(2)(E)(i) has substantially impaired AFMC's ability to determine whether Plaintiffs have satisfied their required discovery obligations. For instance, Plaintiffs each stated that they would produce documents responsive to the following Requests:

| **HERZIG** | **MARTIN** |
| --- | --- |
| RFP 1 | RFP 1 |
| RFP 2 | RFP 2 |
| RFP 3 (excepting documents protected by attorney-client/work product privilege) | RFP 3 (excepting documents protected by attorney-client/work product privilege) |
| RFP 4 (excepting documents protected by attorney-client/work product privilege) | RFP 11 |
| RFP 11 | RFP 12 |
| RFP 14 | RFP 13 |
| RFP 16 | RFP 14 |
| RFP 20 (subparts (a) and (b)) | RFP 16 |
| RFP 44 | RFP 20 (subparts (a) and (b)) |
| | RFP 24 |
| | RFP 27 |
| | RFP 28 |
| | RFP 37 |
| | RFP 44 |
| | RFP 45 |
| | RFP 47 |
| | RFP 48 |
| | RFP 49 |

Based on Plaintiffs' production, and particularly their deficient Responses, it is not clear that Plaintiffs have produced all documents responsive to the foregoing requests. By failing to meet their obligations under Rule 34, Plaintiffs have placed the burden on AFMC to compare each document in the production to these Requests, identify which documents may be missing, and then to ask Plaintiffs to verify on a document-by-document basis whether it exists.

This sort of discovery tactic frustrates Rule 34(b)(2)(E)(i)'s purpose, which is to facilitate the discovery of relevant information by preventing attempts to hide a needle in a haystack. *Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 291160 (S.D. Fla. Feb. 5, 2009); *see also Mitsui Sumitomo Ins. Co., Ltd. v. M/V Maroudio*, 2010 WL 145103, *2 (E.D. La, January 7, 2010) (granting motion to compel and ordering party to "identify by reference to the Bates numbers the documents responsive to each of the categories in the request for production of documents"). The discovery rules put the burden squarely on Plaintiffs to produce documents in response to AFMC's requests and to inform AFMC of which documents are responsive to which Request. Plaintiffs have failed to do so, despite AFMC's repeated good faith attempts. Accordingly, this Court should order Plaintiffs to immediately comply with Rule 34(b)(2)(E)(i) and provide AFMC supplemental discovery responses that identify how Plaintiffs' production is organized to correspond to the categories in AFMC's Requests for Production.

**B.     The Court Should Compel Plaintiffs to Produce Executed Employment Records Authorizations in Response to Request No. 16.**

AFMC propounded similar discovery requests to both Plaintiffs seeking, among other things, the execution of an Employment Records Authorization. Neither Plaintiff objected to these identical Requests, as each responded as follows: "I will produce in a manner mutually agreed documents responsive to this request within my possession." *Exhibit 1A & 1(C)*, at ¶ 16. Although neither Plaintiff objected to any portion of Request No. 16, Plaintiffs' counsel stated on September 16, 2018, as follows: "Concerning the releases concerning employment searches after your client discharged my clients we just differ. We feel that if you can subpoena the companies at issue if you have a desire to obtain documents involved in the process that my clients' [sic] do not possess." *Exhibit 10*.

10

238518

Ultimately, Plaintiffs waived any potential objections to Request No. 16 because no objections were noted in their Responses. *Cornerstone Wrecker Sales, Inc. v. Bower Servs., Inc.*, 2010 WL 3862546, at *2 (E.D. Ark. Sept. 27, 2010). Thus, Plaintiffs' refusal to produce executed employment records authorizations is improper. It is also well-settled that Rules 34 and 37 empower courts to compel parties to sign written releases or authorization forms consenting to the production or release of various documents. *See Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 2016 WL 4427488, at *7 (N.D. Tex. Aug. 22, 2016). These records are relevant and needed in the defense of this lawsuit. Accordingly, the Court should compel Plaintiffs to produce executed employment records authorizations particularly given their waiver of any objections to Request No. 16.

C. **The Court Should Compel Plaintiffs to Produce Information Related to their Financial Accounts and Tax Filings in Response to Request Nos. 17 & 20.**

Plaintiffs each objected to producing statements of financial accounts and tax return information as requested in Request Nos. 17 and 20, to wit:

> **REQUEST FOR PRODUCTION NO. 17:** Produce statements of financial accounts held by Plaintiff, including but not limited to checking accounts, savings accounts, investment accounts, etc., from January 1, 2015, to the present
>
> **RESPONSE:** Objection. This Request involves personal sensitive information unrelated to any allegation in the Complaint or Defenses of Defendant and thus is an oppressive and burdensome request that will not reasonably lead to the discovery of evidence relevant to this action.
>
> **REQUEST FOR PRODUCTION NO. 20:** Produce all Federal and state income tax returns and Internal Revenue Service W-2 forms for the year 2016 to the present, and any forms or documents showing Plaintiff's income from self-employment or other employment or business venture not reflected on the Internal Revenue Service form or tax return. This request includes, without limitation, the following:

> a. All W-2 income tax forms for 2016 to the present, inclusive for which tax returns are unavailable or incomplete and payroll checks demonstrating income derived by Plaintiff from 2016 to the present;
> b. Any other documents that relate to or provide evidence of Plaintiff's earnings from any employer other than AFMC from January 1, 2016, to the present, including but not limited to offer letters, pay stubs, payroll deposit records, etc.
> c. Any other documents related to any monies received from whatever source or service for the period January 1, 2016, to the present, including unemployment benefits, workers' compensation benefits, long term disability, social security and pension benefits, or welfare benefits that are not reflected in prior documents.
>
> **RESPONSE:** Objection. This is a burdensome and oppressive request and will not reasonably lead to the discovery of evidence relevant to this action. I will produce in a manner agreed W-2 forms and other forms indicating work related income as noted in numbered paragraphs 1 and 2 above. [sic].

*Exhibit 1(A) & 1(C)*, at ¶¶ 17 & 20. These requests go to the issue of mitigation of damages, will identify sources of other income, and will allow AFMC to determine whether Plaintiffs' alleged damages have any factual support. Accordingly, the information requested is part-and-parcel to AFMC's ability to defend itself against Plaintiffs' claims.

While Plaintiffs have not requested the entry of a protective order, AFMC would nevertheless agree to the entry of a protective order to address Plaintiffs' privacy-related concerns. *See* **Exhibit 18**, Proposed Protective Order. With respect to their remaining objections, Plaintiffs have failed to identify or justify a basis as to why they contend that the Requests are otherwise burdensome or oppressive. Certainly, given the fact that Plaintiffs agreed to produce documents responsive to subparts (a) and (b) to Request No. 20, it is difficult to understand the basis for Plaintiffs' relevance-based objections.

Importantly, though Plaintiffs agreed to produce information responsive to Request No. 20(a) and (b), Plaintiffs have not fully produced such information as requested. Accordingly, because these documents are necessary for AFMC's evaluation and defense of Plaintiffs' alleged

entitlement to damages, the Court should compel Plaintiffs to respond fully and completely to Request Nos. 17 and 20. Such records would demonstrate whether and to what extent Plaintiffs mitigated their damages, the net amount of Plaintiffs' alleged damages, and the extent to which such damages should be offset by other sources of income.

D. **For the Discreet Purpose of Reviewing Text Messages Sent or Received From or To Plaintiffs and Current or Former AFMC Employees, Plaintiffs Should be Compelled to Produce Their Mobile Phones and Itemized Phone Bills for Review and Inspection.**

Throughout the course of discovery, AFMC has attempted to secure production of Plaintiffs' communications with current or former AFMC employees. In response to Request No. 9, which seeks production of documents that relate to, bear upon, or provide information relating to Plaintiffs' alleged communications with any current or former employee of AFMC that involve the subject matter of this litigation, Plaintiffs each responded that they had **no documents** responsive to that Request. These Responses were objectively inaccurate.

First, in Plaintiffs' initial production on September 4, 2018, they collectively produced 51 pages of text message screenshots, but not without significant omission. *See Exhibit 5*. Due to these omissions, on October 3, 2018, AFMC's counsel requested that Plaintiffs' counsel produce Plaintiffs' mobile phones for ease of production. Plaintiffs refused to comply with that request, and instead advised that they would produce their omitted screen shots on October 5, 2018. *See Exhibit 12*. In response, Plaintiffs collectively supplemented their initial production with approximately 553 pages of additional text message screenshots that were omitted from their prior production. *Exhibit 14*. Even then, however, there were omissions from Plaintiffs' production, which prompted AFMC's counsel to again seek supplementation from Plaintiffs. *Exhibit 16*. Given the significant omissions from Plaintiffs' previous production, AFMC has no way to determine

238518

whether Plaintiffs have produced all relevant and discoverable information in the absence of inspection or native production of the text messages.

These contradictions and omissions raise more than mere speculation that additional text messages exist. In fact, both Plaintiffs' initial failures to comply with their discovery obligations, coupled with the contrary assertions raised in their Responses to Request No. 9, demonstrate that Plaintiffs have cherry-picked which documents they are willing to produce. Given the difficulty in obtaining full discovery from Plaintiffs, and because screenshots do not clearly demonstrate dates and times on which text messages were sent and received, AFMC's counsel requested an opportunity to inspect Plaintiffs' text messages in their native format through a simple extraction process using either the *iExplorer* or *Dr. Fone* software platforms, both of which are available to AFMC's counsel at no additional expense. The extraction process is quite simple and only requires Plaintiffs to input their passwords to their devices into the software platform, which in turn allows the user to, among other things, select text message conversations for extraction into an easily-readable, time-stamped format. *Exhibit 12*. Because AFMC certainly does not seek every bit of data on Plaintiffs' mobile devices, however, AFMC proposed allowing Plaintiffs' counsel the opportunity to monitor the extraction process, and to otherwise allow Plaintiffs' counsel to have the first opportunity to review the extraction of Plaintiffs' relevant text messages before such information was produced to AFMC. Plaintiffs' counsel, however, rejected AFMC's proposed inspection. *Exhibit 13*.

Plaintiffs have even objected to producing itemized copies of their mobile phone bills for the period of April 1, 2016 through the present (in addition to the execution of a release authorization) as requested in Request No. 25 on the basis of vagueness, burden, oppression, overbreadth, and relevance. *Exhibit 1(A) & (C)*, at ¶¶ 9, 25. Beyond paying mere lip service to

these objections, however, Plaintiffs failed to explain or identify how or why they believe Request No. 25 is objectionable. Indeed, objections that state that a discovery request is "vague, overly broad, or unduly burdensome are, by themselves, meaningless." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400–01 (S.D. Fla. 2008). Rather, a party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *Id.* Absent a specific articulation of facts supporting their conclusion that AFMC's requests are objectionable, Plaintiffs have not proffered the required good cause to support the basis for such objections. In the absence of allowing AFMC's counsel to inspect Plaintiffs' mobile phones, their phone bills would, at minimum, allow AFMC to review whether text messages[4] were transmitted, and to whom, which would in turn demonstrate whether any additional and relevant text messages were omitted from their production.

Based on the foregoing, AFMC requests that the Court enter an order compelling Plaintiffs to produce their mobile phones for limited inspection of their conversations with current or former AFMC employees, as well as to produce itemized mobile phone bills for the period of April 2016 through the present. AFMC stands ready, willing, and able to conduct the extraction in collaboration with Plaintiffs' counsel, and would oblige any reasonable request for Plaintiffs' counsel to have the first opportunity to review such documents prior to production.

E.   **Plaintiffs Should Be Compelled to Supplement Their Responses to Interrogatory Nos. 9, 12, and 19.**

AFMC respectfully requests that the Court enter an order compelling Plaintiffs to supplement their responses to Interrogatory Nos. 9, 12, and 19 because they failed to sufficiently provide information responsive to each discovery request.

---

[4] Mobile phone bills would likely fail to capture data transmitted over Wi-Fi connections, which further demonstrates the need for a limited inspection of Plaintiffs' mobile devices.

238518

For instance, with respect to Interrogatory No. 9, which sought identification of each individual (by name, address, and telephone number) who assisted in preparing responses to each Interrogatory, as well as information as to which "interrogatory(ies) that the individual provided answers to, as well as each document reviewed by each of the same in their response to the[] respective interrogatory(ies)[,]" Plaintiffs each simply responded as follows:

> **HERZIG RESPONSE:** Neal Martin
>
> **MARTIN RESPONSE:** Brian Herzig

*Exhibit 1(B) & 1(D)*, at ¶¶ 9. Plaintiffs failed to respond as required by providing detail as to what assistance was provided as well as which documents were reviewed. These deficiencies were outlined in AFMC's August 22, 2018 correspondence to Plaintiffs' counsel, but—despite numerous requests—Plaintiffs have failed to supplement their discovery responses as appropriate. The Court should therefore order Plaintiffs to provide AFMC with supplemental responses to Interrogatory No. 9 that identify which interrogatories each Plaintiff assisted the other in answering, as well as any documents (referenced by Bates numbering) each Plaintiff reviewed in providing their Responses.

AFMC also requests that the Court compel Plaintiffs to supplement their Responses to Interrogatory No. 12, which provide as follows:

> **INTERROGATORY NO. 12:** Please state the basis of all damages you allege to have suffered as a result of the treatment that you allege you received from AFMC, including your claim for punitive and liquidated damages, and identify any individuals whom you contend will support your claim for such damages, as well as the <u>precise</u> itemized basis and methodology for calculating the amount of such damages.
>
> **HERZIG RESPONSE:** I have suffered significantly as a result of my discharge. The discharge has had a profound effect on my family.
>
> **MARTIN RESPONSE:** I have provided this information in my Rule 26 Initial Disclosure.

238518

While Plaintiffs' Initial Disclosures provide some information related to their alleged damages, they fail to state how, and by what method, such damages were calculated, to wit:

| CATEGORY OF ALLEGED DAMAGES | HERZIG | MARTIN |
|---|---|---|
| Wages | $109,582 | $44,791 |
| Bonus | Unknown | N/A |
| 401(k) | $6,487 | $3,181 |
| Out-of-Pocket Insurance Costs | N/A | $603 |
| Vacation Time | Unknown | Unknown |
| Compensatory and Punitive Damages | $300,000 | $300,000 |
| Liquidated Damages | Unknown | Unknown |
| Costs and Attorney's Fees | Unknown | Unknown |

**Exhibit 19**, Plaintiffs' Initial Disclosures. These Responses are deficient as they fail to: (1) establish the basis for the damages they each allegedly suffered, including claims for punitive and liquidated damages, (2) identify any individuals who they contend will support their claims for such damages, and (3) state the precise itemized basis and methodology for calculating the amount of such damages.

As clearly stated in their Complaint and Responses to Interrogatory No. 12, Plaintiffs seek monetary damages in this matter. AFMC is very plainly requesting relevant and discoverable information, and Plaintiffs present no excuse for withholding this information, which is within their knowledge and possession.[5] Independent of their obligations under Rule 33, Rule 26 imposes

---

[5] Rule 26(a)(1)(E) provides that "[a] party must make its initial disclosures based on the information then reasonably available to it[,]" and that "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." While this disclosure is mandatory under Rule 26 without the necessity of a discovery request, Plaintiffs' failure to provide information relevant to their computation of damages is more offensive in light of the fact that AFMC has separately requested such information in its discovery requests.

17

238518

a duty on Plaintiffs to disclose their alleged damages. AFMC has exercised its right to this disclosure, *see Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376, 385 (E.D. Tex. 1997) (finding that Rule 26 required disclosure of damages computations in action under Title VII), and Plaintiffs should be compelled to fully supplement their Responses to Interrogatory No. 12.

Finally, Plaintiffs should be compelled to supplement their Responses to Interrogatory No. 19 because they failed to substantially provide information requested by AFMC. Specifically, Interrogatory No. 19 requested that Plaintiffs identify the employees they alleged to be similarly situated but treated more favorably as related to the allegations in their Complaint. For each employee identified, Plaintiffs were required to "describe in reasonable detail how each employee was treated more favorably[.]" *Exhibit 1(B) & 1(D)*, at ¶¶ 19. With respect to specific individuals referenced, Plaintiffs provided identical responses, "Scott McFarlane, Jared Reid, Nathan Ray, and Jason Scheel."[6] *Id.* These Responses are at the heart of Plaintiffs' claims of alleged age discrimination and, by failing to provide reasonable detail as to their beliefs that each particular employee was treated more favorably than they were treated, they have deprived AFMC of its ability to prepare for their depositions and defend itself in this litigation. Accordingly, Plaintiffs should be compelled to supplement their Responses to Interrogatory No. 19.

## IV. REQUEST FOR ATTORNEYS' FEES

Rule 37 mandates that a party whose conduct necessitates the filing of a motion to compel discovery responses be required to pay the moving party's reasonable expenses incurred in making the motion. FED. R. CIV. P. 37(a)(5)(A). As discussed in Section II, AFMC exhaustively attempted to work with Plaintiffs in resolving these discovery issues without the necessity of

---

[6] Plaintiff Martin also referenced his Responses to Interrogatory Nos. 10 and 16, but those Responses do not provide information requested under Interrogatory No. 19.

18

238518

seeking the Court's intervention. Despite these good-faith attempts to avoid the necessity of filing this Motion, Plaintiffs have failed and refused to provide adequate responses without objection to AFMC's discovery requests. Because the Motion was made necessary by Plaintiffs' conduct, the Court should order Plaintiffs to pay the reasonable attorney's fees incurred by AFMC. AFMC is prepared to submit a fee petition within ten days from the Court's decision on this Motion.

## V. CONCLUSION

AFMC has spent nearly three months attempting to obtain discoverable documents and information from Plaintiffs without the Court's intervention, but the discovery period is rapidly coming to a close, and it has become apparent that Plaintiffs have no interest in voluntarily meeting their discovery obligations. Accordingly, for the reasons stated in this Brief, AFMC respectfully requests that the Court grant its Motion to Compel in its entirety, that Plaintiffs be ordered to provide complete responses to AFMC's discovery requests as identified, that Plaintiffs be ordered to pay AFMC's reasonable attorneys' fees incurred in bringing this Motion, and any other appropriate relief. AFMC specifically requests that Plaintiffs be ordered to provide full and complete discovery responses five days after the entry of the Order granting its requested relief, so that the responses may be used in Plaintiffs' forthcoming depositions.

Respectfully submitted,

*/s/ Abtin Mehdizadegan*
Amber Wilson Bagley, Ark. Bar No. 2004131
Abtin Mehdizadegan, Ark. Bar No. 2013136
**CROSS. GUNTER, WITHERSPOON
 & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 371-9999 | Fax: (501) 371-0035
abagley@cgwg.com | abtin@cgwg.com
**COUNSEL FOR DEFENDANT**

238518

## **CERTIFICATE OF SERVICE**

    I, Abtin Mehdizadegan of Cross, Gunter, Witherspoon & Galchus, P.C., hereby certify that the foregoing was served upon all parties of record via the Court's CM/ECF system on this 20th day of November, 2018, to wit:

Michael R. Jones
GILKER AND JONES, P.A.
9222 North Highway 71
Mountainburg, AR 72946
mrjoneslaw@aol.com

                                              */s/ Abtin Mehdizadegan*
                                              Abtin Mehdizadegan

238518