IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRIAN HERZIG and
NEAL MARTIN                                                                PLAINTIFFS

    VS.        Case No. 2:18-cv-02101-PKH

ARKANSAS FOUNDATION
FOR MEDICAL CARE, INC.                                                     DEFENDANT

## ORDER

Defendant, Arkansas Foundation for Medical Care, Inc. ("AFMC"), has filed a Motion to Compel Discovery, and supporting brief, on November 20, 2018. (ECF Nos. 14, 15). Pursuant to 28 U.S.C. § 636(b)(1)(A), the motion was referred to the undersigned on November 21, 2018 for disposition. (ECF No. 16). Plaintiffs, Brian Herzig ("Herzig") and Neal Martin ("Martin"), filed their Response to Defendant's Motion to Compel Discovery, and supporting brief, on December 6, 2018. (ECF Nos. 20, 21). A hearing was held on the motion on December 11, 2018.

AFMC's Motion to Compel Discovery (ECF No. 14) seeks an Order compelling Herzig and Martin to: (a) supplement their responses to AFMC's Requests for production of Documents with appropriate labels; (b) produce documents responsive to Requests for Production Nos. 16, 17 and 20; (c) make their mobile phones available for limited copying and inspection; (d) supplement their responses to Interrogatory Nos. 9, 12 and 19; and, (e) pay AFMC's reasonable costs and attorney's fees incurred in connection with the motion to compel. The Motion to Compel Discovery is **GRANTED IN PART and DENIED IN PART** as set forth below.

### (a) Appropriate Labeling of Documents

AFMC argues that while Plaintiffs have provided approximately 680 pages of documents in

response to AFMC's Requests for Production of Documents, the Plaintiffs have not designated, or labeled, the documents in any way to correspond to any particular category or request for production. (ECF No. 14, p. 6). Rule 34(b)(2)(E)(i), Fed. R. Civ. P., provides in mandatory terms that "[a] party must produce documents as they are kept in the usual course of business or *must organize and label them to correspond to the categories in the request*." (Emphasis added.). Plaintiffs responded by stating that AFMC has asked them to produce "essentially every document in their possession relating to this lawsuit, or AFMC," and in many instances documents were needlessly demanded in multiple Requests, which the Plaintiffs fully complied with. (ECF No. 21, p. 2). Plaintiffs contend that "the nature of the documents produced clearly indicate and identify which requests to which they are responsive," and that "with a modicum of effort the Defendant would quickly link the seventy documents to the defendant's particular request which as noted above were redundant." (*Id*., pp. 1, 3).

Pursuant to an agreement reached by the parties shortly before the hearing, the Plaintiffs agreed to supplement their responses to specifically designate or label 71 documents previously provided to correspond to the particular request(s) for production of documents the documents are responsive to. The parties were unable to agree on what to do regarding the printed screen shots of text messages provided by Martin. Plaintiffs argued at the hearing that the text message screen shots provided by Martin are responsive to AFMC's Request for Production of Documents Nos. 24 and 37, both of which specifically ask for, among other things, text messages. (ECF No. 14-1, pp. 41, 45). Plaintiffs' counsel candidly admitted at hearing that if the Defendant could identify which requests the documents relate to "with a modicum of effort," so too could the Plaintiffs easily identify which requests the documents relate to.

The Motion to Compel Discovery (ECF No. 14) is **GRANTED** regarding AFMC's request that Plaintiffs supplement their responses to AFMC's Requests for Production of Documents with appropriate labels. Plaintiffs shall supplement their responses to AFMC's Requests for Production of Documents to designate or label all documents they have provided to correspond to the specific request(s) for production they are responsive to. The Court further notes that although the documents provided by Plaintiffs have been Bates Stamped, some of the Bates Stamp numbering uses a font so small as to be practically illegible; and, to the extent possible, Plaintiffs shall use a Bates Stamp font that is clearly legible.

### (b) Requests for Production Nos. 16, 17 and 20

Arguing that Plaintiffs' responses are incomplete, AFMC seeks an Order compelling the Plaintiffs to provide supplemental responses to Requests for Production Nos. 16, 17 and 20. (ECF No. 14, p. 6). Plaintiffs contend they have provided all documents related to Request for Production No. 16; provided information concerning employers for whom they worked prior to AFMC; provided information regarding the employers they contacted to seek employment after their respective discharges from AFMC; and, that requesting a signed release for employment records is beyond the scope of Rule 34, Fed. R. Civ. P. (ECF No. 21, pp. 4-6). Regarding Requests for Production Nos. 17 and 20, Plaintiff argue they have provided all W-2 and 1099 forms indicating fully their source of income during the relevant period; that their income tax returns and financial account information contains highly personal information; and, that the requests are not calculated to obtain information concerning any income that would mitigate damages. (*Id*., p. 6).

### Request for Production No. 16

AFMC's Request for Production No. 16 requests all documents relating to the Plaintiffs'

efforts to seek employment from April 4, 2017 through the present, and AFMC requests that the Plaintiffs sign an *Employment Records Authorization*. (ECF No. 14-1, pp. 7-8. 38). In response, both Plaintiffs stated "I will produce in a manner mutually agreed documents responsive to this request within my possession." (*Id*.). Neither Plaintiff made any objection to AFMC's Request for Production No. 16.

This Court has previously held that such a release meets the low threshold of relevance by being reasonably calculated to lead to the discovery of information relevant to the issue of mitigation and the computation of damages, as well as also possibly going to the issue of credibility of a witness. *See E.E.O.C. v. Randall Ford, Inc.*, 298 F.R.D. 573, 574-75 (W.D. Ark. April 23, 2014). In *E.E.O.C. v. Randall Ford, Inc.*, the Court concluded that it did not have authority, pursuant to Rule 34, Fed. R. Civ. P., to compel a party to execute a release of employment records, stating "[t]he appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure." *Id*. at 575. The E.E.O.C., however, had objected to the request for a release of employment records, but here the Plaintiffs have not made any objection. Plaintiffs have, therefore, waived their right to object by not making any timely objection to AFMC's Request for Production No. 16. Fed. R. Civ. P. 34(b)(2)(A); *Cornerstone Wrecker Sales, Inc. v. Bower Services, Inc.*, 2010 WL 3862546, * 2 (E.D. Ark. Sept. 27, 2014), citing *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 156 (S.D. Texas 2009) (collecting cases on waiver).

The Court is cognizant of conflicting opinions regarding the authority to compel a party to execute releases for records held by non-parties. A good discussion of the issue is presented in the recent decision of *Scott v. City of Bismarck*, 2018 WL 4440661 (D. N.D. September 17, 2018).

There, the Court found "an expansive reading of Rule 34 arguably does not foreclose the use of releases as an alternative means of obtaining production of documents that are not in the possession of the party to whom the request is directed but are under its control — at lease when the proposed releases are made a part of the Rule 34 request." *Id*. at * 5. The Court also held "the expediency in many cases of employing signed releases to gather information from non-parties cannot be denied ...," and "[w]hile expediency alone cannot be grounds for construing Rule 34 to permit requests for signed releases, it does provide support for an expansive reading of Rule 34 to allow for such use consistent with Fed. R. Civ. P. 1." *Id*. at * 6. In the instant case, expediency also weighs in favor of permitting use of the requested releases for employment records as the discovery deadline is little more than one month away on January 15, 2019, and some of the non-parties from whom records are to be sought are located out of state.

The Motion to Compel Discovery (ECF No. 14) is **GRANTED** regarding AFMC's Request for Production No. 16. Plaintiffs shall provide to AFMC all documents in their possession that are responsive to Request for Production No. 16, and Plaintiffs shall also execute and deliver to defense counsel the requested *Employment Records Authorizations*. AFMC is limited to seeking employment records dating from five years before each Plaintiff began employment with AFMC to the present. AFMC shall promptly provide Plaintiffs with copies of all records obtained by use of the *Employment Records Authorizations*. The records obtained by use of the *Employment Records Authorizations* shall be subject to a Protective Order which will be entered by the Court separately.

**Request for Production No. 17**

AFMC's Request for Production No. 17 requests statements of financial accounts held by the Plaintiffs, including but not limited to checking accounts, savings accounts, investment accounts,

etc., from January 1, 2015 to the present. (ECF No. 14-1, pp. 8, 38-39). AFMC's counsel withdrew the request at hearing, provided the Plaintiffs provided their complete income tax returns.

The Motion to Compel Discovery (ECF No. 14) is **DENIED** regarding AFMC's Request for Production No. 17.

### Request for Production No. 20

AFMC's Request for Production No. 20 requests all federal and state income tax returns and Internal Revenue Service W-2 forms from 2016 to the present, and any forms or documents showing the Plaintiffs' income from self-employment or other employment or business venture not reflected on the W-2 forms or tax returns. (ECF No. 14-1, pp. 9, 39-40). Plaintiffs objected that the request was burdensome and oppressive and that it will not reasonably lead to the discovery of evidence relevant to this action. Plaintiffs agreed to produce W-2 forms and forms indicating work related income. (*Id*.). At the hearing, Plaintiffs' counsel agreed to produce the Plaintiffs' complete income tax returns for the requested years.

The Motion to Compel Discovery (ECF No. 14) is **GRANTED** regarding AFMC's Request for Production No. 20. Plaintiffs shall provide to AFMC all of their federal and state income tax returns from 2016 to the present, including all W-2 forms, 1099 forms, schedules, and supporting documents, and any forms or documents showing the Plaintiffs' income from self-employment or other employment or business venture not reflected on the W-2 forms or tax returns. These income and tax records shall be subject to a Protective Order which will be entered by the Court separately.

### (c) Request for Inspection of Plaintiffs' Mobile Phones

AFMC seeks an Order directing that Plaintiffs produce their mobile phones and itemized billing statements "for the discrete purpose of reviewing relevant and discoverable text messages

exchanged between Plaintiffs and current or former AFMC employees during the relevant time period." (ECF No. 14, p. 6). AFMC's counsel acknowledged at the hearing that this request seeks something not sought directly in a specific request for production, but AFMC claims it became necessary due, in part, to the manner in which text messages were provided by Martin[1], while no text messages have been produced by Herzig. Plaintiffs oppose the request, and they contend the proposed inspection, through the use of application software, could damage their mobile phones. (ECF No. 21, p. 7).

Privacy, security, and other issues aside, the Court cannot, pursuant to Fed. R. Civ. P. 37, compel the production of something which has not first been sought pursuant to a request for production or inspection under Fed. R. Civ. P. 34.

The Motion to Compel Discovery (ECF No. 14) is **DENIED** regarding AFMC's request for inspection of Plaintiffs' mobile phones.

### (d) Interrogatories No. 9, 12 and 19

Arguing that Plaintiffs' answers are incomplete, AFMC seeks an Order compelling the Plaintiffs to provide supplemental answers to Interrogatories No. 9, 12 and 19. (ECF No. 14, p. 6). Plaintiffs contend they have responded to Interrogatory No. 9 to the best of their recollection, and that any supplementation would merely explain their responses rather than provide additional information; that in response to Interrogatory No. 12, they have provided information regarding all earnings after obtaining employment, as shown in their detailed initial disclosures, and they have not

---

[1] Plaintiffs' initial production on September 4, 2018 only included 51 pages of text message screen shots, but when asked about several text messages that appeared to have been intentionally omitted, Plaintiffs produced approximately 553 pages of additional text message screen shots on October 5, 2018. (ECF No. 14, pp. 2-3).

identified any persons that will support their claims because at this time they are not aware of any such persons; and, that their answers to Interrogatory No. 19 are complete. (ECF No. 21, p. 8).

**Interrogatory No. 9**

Interrogatory No. 9 asks each Plaintiff to identify all individuals who assisted in the preparation of each Plaintiff's responses to the interrogatories, and for each such individual to "state which interrogatory(ies) that the [identified] individual provided answers to, as well as each document reviewed by each of the same in response to their respective interrogatory(ies)." (ECF No. 14-1, pp. 25-26, 56). Each Plaintiff's answer to Interrogatory No. 9 simply lists the name of the other Plaintiff, with nothing more. (*Id.*, pp. 26, 56).

Plaintiffs' answers to Interrogatory No. 9 are incomplete, as neither Plaintiff has stated, as requested, the extent to which each assisted in the preparation of the other's interrogatory answers.

The Motion to Compel Discovery (ECF No. 14) is **GRANTED** regarding AFMC's requested supplementation of Plaintiffs' answers to Interrogatory No. 9. Plaintiffs shall provide supplemental answers to AFMC that are fully responsive to Interrogatory No. 9.

**Interrogatory No. 12**

Interrogatory No. 12 asks the Plaintiffs to state the basis of all damages they allege to have suffered as a result of AFMC's alleged conduct in this action, including the Plaintiffs' claims for punitive and liquidated damages, and to identify any individuals whom they contend will support their claims for damages, as well as the precise itemized basis and methodology for calculating the amount of such damages. (ECF No. 14-1, pp. 26-27, 57). Herzig responded that he has "suffered significantly as a result of my discharge," and that "[t]he discharge has had a profound effect on my family." (*Id.*, p. 27). Martin responded that "I have provided this information in my Rule 26 Initial

disclosure." (*Id*., p. 57). Plaintiffs' responses are incomplete.

The Motion to Compel Discovery (ECF No. 14) is **GRANTED** regarding AFMC's requested supplementation of Plaintiffs' answers to Interrogatory No. 12. Plaintiffs shall provide supplemental answers to Interrogatory No. 12, to include a statement of all elements of damages they claim, the identity of any individuals whom they contend will support their claims for damages, and the itemized basis or methodology for calculating the amount of such damages.

**Interrogatory No. 19**

Interrogatory No. 19 asks the Plaintiffs to identify each AFMC employee who Plaintiffs allege were similarly situated to them, but who received more favorable treatment than Plaintiffs. For each such person identified, Plaintiffs were asked to describe in reasonable detail how each employee was treated more favorably than Plaintiffs. (ECF No. 14-1, pp. 30-31, 60). Both Plaintiffs responded by providing a list of names, but no further details were given. (*Id*., pp. 31, 60). Neither Plaintiff explains in their answer how the identified individuals were treated more favorably.

The Motion to Compel Discovery (ECF No. 14) is **GRANTED** regarding AFMC's requested supplementation of Plaintiffs' answers to Interrogatory No. 19. Plaintiffs shall provide supplemental answers to Interrogatory No. 19, to describe in reasonable detail how the identified individuals were similarly situated and how they were treated more favorably than the Plaintiffs.

**(e) AFMC's Attorney's Fees and Costs**

AFMC seeks an award of its attorney's fee and reasonable costs incurred in connection with the Motion to Compel Discovery.

The starting point for determining whether AFMC is entitled to reasonable expenses, including reasonable attorney fees, is Federal Rule of Civil Procedure 37(a)(5)(C), which provides:

> "If the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

The Court finds that the parties attempted in good faith to resolve the pending discovery disputes, but that as to the larger issues, i.e., execution of employment records releases and inspection of Plaintiffs' mobile phones, the Plaintiffs were substantially justified in opposing the motion to compel. Plaintiffs reasonably relied on a prior decision of this Court to contest the Court's authority to compel execution of the employment records releases, and the Court believes reasonable people could differ as to the appropriateness of the contested action. Regarding the request to surrender their mobile phones for inspection, the Court finds that Plaintiffs were substantially justified in opposing the request as such a request for inspection had not been made in AFMC's Requests for Production of Documents, nor at any time thereafter (other than informally in e-mail communications between counsel) despite AFMC's concerns about text messages dating back to September 2018. Further, the Court expressed concern that AFMC's request for all of the Plaintiffs' financial records was overly broad, and AFMC withdrew this request at hearing.

On the other hand, Plaintiffs were not completely forthcoming in responding to AFMC's other legitimate requests and interrogatories as discussed above. However, some of the relief sought was more a matter of technical compliance with the rules, i.e., labeling documents to correspond to a particular request for production, when arguably the requests for production were somewhat redundant and the nature of the documents provided made their context apparent.

Considering the governing rule and all the material circumstances, the Court finds that each party should bear his or its own attorney fees and costs in connection with AFMC's Motion to

Compel Discovery.

## CONCLUSION

For the reasons and as set forth in detail above, AFMC's Motion to Compel Discovery (ECF No. 14) is **GRANTED IN PART and DENIED IN PART.** AFMC's request for its attorney fees and reasonable costs is **DENIED**.

Plaintiffs' supplemental responses and answers shall be provided to AFMC by the end of business on Friday, December 21, 2018.

IT IS SO ORDERED this 12th day of December 2018.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE